UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In re:                              ) Case No. 09-72204 EDJ 13
                                    )
**AHMAD H. WALIZADA and**           )
**DIANA L. WALIZADA**               )
                                    ) **First Amended Chapter 13 Plan**
                                    )
_____     )
         Debtor(s)

1. The future earnings of the debtor(s) are submitted to the supervision and control of the Trustee, and the debtor(s) will pay to the Trustee the sum of **$1,404** each month for **60 months**. Unless all allowed claims are paid in full, this Plan shall not be completed in fewer than 36 months from the first payment date. Debtor(s) do(es) [X] not elect a voluntary wage order.

2. From the payments received, the Trustee will make disbursements in accordance with the Distribution Guidelines as follows:

    (a) On allowed claims for expenses of administration required by 11 U.S.C. §507.
    (b) On allowed secured claims, which shall be treated and valued as follows:
6

| §506 | Non §506 | Name | Value of Collateral | Claim Amount | Pre Confirmation Adequate Protection | Post Confirmation Payments | Estimated Arrears | Interest Rate (If specified) |
|---|---|---|---|---|---|---|---|---|
| ☐ | [X] | American Home Mortgage Servicing | $890,000 | $41,000 | $680 | $ | $41,000 | Unknown |
| ☐ | [X] | City Wide Lien Section | $89,000 | $1,020 | $17 | $ | $1,020 | Unknown |
| ☐ | [X] | Alameda County Property Taxes | $890,000 | $13,250 | $260 | $ | $13,250 | 18% |

With respect to secured claims per §506, valuation stated shall bind unless a timely objection to confirmation is filed. With respect to non §506 secured claims as referenced in §1325, the claim, to the extent allowed, shall control. If an interest rate is not specified, 5/6% per month (10% per annum) will be paid. A secured creditor shall retain its lien until the earlier of the payment of the underlying debt determined under non-bankruptcy law or discharge under §1328.

   (c) On allowed priority unsecured claims in the order prescribed by 11 U.S.C. §507. Priority claims shall be paid in full except to the extent allowed otherwise under 11 U.S.C. §1322(a)(4).

   (d) On allowed general unsecured claims the debtor(s) <u>estimate(s)</u> the general unsecured claims will be paid 0 %.

3. The following executory contracts are rejected. The debtor(s) waive(s) the protections of the automatic stay provided in 11 U.S.C. §362 to enable the affected creditor to obtain possession and dispose of its collateral without further order of the court. Any allowed unsecured claim for damages resulting from rejection will be paid under paragraph 2(d).

4. The debtor(s) will pay directly the following fully secured creditors and lessors:

   ING 401(k) loan from pension plan
   American General Financial Services - Jeep

5. The date this case was confirmed will be the effective date of the plan.

6. The debtor(s) elect(s) to have property of the estate re-vest in the debtor(s) upon plan confirmation. Once the property re-vests, the debtor(s) may sell or refinance real or personal property without further order of the court, upon approval of the Chapter 13 Trustee.

7. The debtor(s) further propose(s) pursuant to 11 U.S.C. §1322(b):

**Debtors' plan classifies the claim of American General Financial Services as a non-priority unsecured claim and treats the claim under the provisions of paragraph 2 (d). Debtors allege that the value of a senior lien exceeds the value of the claim holder's collateral (901 Aquarius Way, Oakland, CA 94611). The debtors' plan therefore values the interest of American General, in the collateral securing American General's second deed of trust claim as "zero." The court shall determine the value of the claim on debtors' motion and after a hearing on notice to holder of the secured claim. The Trustee shall not make any disbursements to the allowed secured claim of American General.**

Dated: April 5, 2010          /s/_Ahmad H. Walizada__
                                      Ahmad H. Walizada
                                      (Debtor)


Dated: April 5, 2010          /s/_Diana L. Walizada __
                                      Diana L. Walizada
                                      (Debtor)

I, Cynthia L. Cox, am legal counsel for the above-named debtor(s) and hereby certify that the foregoing Chapter 13 plan is a verbatim replica of this N.D. Cal., San Francisco and Oakland Divisions, Model Chapter 13 Plan (October 2001), promulgated pursuant to B.L. R. 1007-1.


                              /s/ Cynthia L. Cox_____
                              Cynthia L. Cox
                              Attorney for Debtor